IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB REA'SHAW HERNDON, #199908, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL CASE NO. 3:18-CV-2958-S-BK |
| LISA CLAYTON, ET AL., | § § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including a recommended disposition. Plaintiff, a detainee at the Denton County Jail, filed a *pro se* civil rights complaint. Doc. 3 at 3. He also submitted a partial certificate of inmate trust account but did not file a motion for leave to proceed *in forma pauperis*. Nevertheless, upon review of the relevant pleadings and applicable law, the Court concludes that this case should be **DISMISSED** as barred by three strikes.

I.  ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by

prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, --- U.S. ---, 135 S. Ct. 1759 (2015)).

Herndon has accrued three strikes under section 1915(g). Before this lawsuit was filed, district courts in Texas dismissed as frivolous under 28 U.S.C. § 1915(e) three, non-habeas, civil actions that Herndon filed while confined as an inmate.[1] *See Herndon v. Discount Tires, et al.*, No. 4:16-CV-1786 (S.D. Tex. June 27, 2016) (dismissing with prejudice as frivolous and/or for failure to state a claim); *Herndon v. Scottrade, Chase, et al.*, No. 3:17-CV-3465-B-BH, 2018 WL 5113168 (N.D. Tex. Oct. 19, 2018) (accepting magistrate judge's recommendation dismissing with prejudice as frivolous); *Herndon v. Amber Givens-Davis, et al.*, No. 3:18-CV-189-M-BN, 2018 WL 2414864 (N.D. Tex. May 29, 2018) (accepting magistrate judge's recommendation dismissing with prejudice until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met).

A case dismissed as *Heck* barred nevertheless counts as a strike under the PLRA. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous); *German v. Baker*, 124 Fed. Appx. 257, 258 (5th Cir. 2005) (per curiam) (counting as strike *Heck* dismissal); *Canady v. Thaler*, 48 Fed. Appx. 106, 106 (5th Cir. 2002) (per curiam) (same). Moreover, dismissals in cases in which appeals are pending, such those incase numbers 3:17-CV-3465-B-BH and 3:18-CV-189-M-BN, still count as a strike. *Coleman*, 135 S. Ct. at 1763-64 (holding prior dismissal based on one of Section 1915(g)'s enumerated grounds counts as a strike even if the dismissal is the subject of an ongoing appeal).

Having accumulated three "strikes," section 1915(g) precludes Herndon from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious

---

[1] Prior to his confinement at the Denton County Jail (prisoner #199908), Herndon filed cases in this Court under Dallas County Jail prisoner #17050746.

physical injury" at the time of filing the complaint.  See *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).  Here, Herndon complains only of (1) his 2015 arrest and illegal search and seizure and (2) medical and legal malpractice stemming from his subsequent prosecution. Doc. 3 at 3-6.  Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  Plaintiff, thus, is barred by section 1915(g) from proceeding *in forma pauperis* in this civil action.

## II.   CONCLUSION

Accordingly, insofar as Plaintiff seeks leave to proceed *in forma pauperis*, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee for a civil action (which includes a $50.00 administrative fee).

**SO RECOMMENDED** November 19, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).